

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| TERRY WOODS,<br>　　　　Plaintiff, | §<br>§<br>§<br>§ | |
| 　　　　vs. | §<br>§ | Civil Action No.: 3:23-4472-MGL |
| LARRY MARSHAK and<br>FLORIDA ENTERTAINMENT<br>MANAGEMENT CONCEPTS, INC.,<br>　　　　Defendants. | §<br>§<br>§<br>§ | |

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF'S MOTION TO REMAND**

### I.     INTRODUCTION

Plaintiff Terry Woods (Woods) brought this lawsuit against Defendants Larry Marshak and Florida Entertainment Management Concepts, Inc., (FEMC) (collectively, Defendants) in the Sumter County Court of Common Pleas. Woods brings claims for breach of contract, breach of implied covenant of good faith and fair dealing, unjust enrichment, promissory estoppel, and accounting under South Carolina law.

Defendants subsequently removed the case to this Court, contending it has jurisdiction over the matter in accordance with 28 U.S.C. § 1332.

Pending before the court is Woods's motion to remand. Having carefully considered the motion, the notice of removal, the responses, the reply, the record, and the applicable law, it is the judgment of the Court Woods's motion to remand will be denied.

## II.  FACTUAL AND PROCEDURAL HISTORY

Woods "is the son of Willie B. 'Bill' Pinkney (Pinkney)." Amended Complaint ¶ 7. Pinkney was a member of the vocal group "'The Original Drifters' or 'Bill Pinkney's Original Drifters'" from "around 1958 until his death." *Id.* Pinkney "bequeathed his rights to the names 'The Drifters', 'The Original Drifters', and 'Bill Pinkney's Original Drifters' (the Trademark Rights) to his children." *Id.* ¶ 8. "Woods is the successor personal representative of the Estate." *Id.* ¶ 9.

"On or about May 20, 2019, Woods and Defendants agreed for FEMC to license the name 'The Drifters' for use in connection with live performances of a musical group (the Contract)." *Id.* ¶ 12. The Contract was to last "for 5 (five) years with 2 (two), 2 (two) year options" through May of 2024. Amended Complaint, Exhibit A, Licensing Agreement ¶ 1.A.

"Under the Contract, Defendants agreed to (1) advance $10,000 yearly, (2) pay legal fees associated with litigation related to the Trademark Rights, and (3) pay royalties based on income generated from performances and merchandising." Amended Complaint. ¶ 13.

Woods alleges Defendants "did not make the yearly $10,000 advances as promised" and made only "sporadic payments towards legal fees." *Id.* ¶ 15-16. Woods claims this persisted despite several notifications "of [Defendants'] failure to make payments under the agreement as required." *Id.* ¶ 18.

Woods and Defendants subsequently agreed to extend the Contract by two years, until May of 2026, "to offset lost opportunities due to COVID-19." *Id*. ¶ 23. "Defendants then provided a $5,000 advance to Woods, noting the payment was for 'future royalties.'" *Id*. ¶ 24. Woods, however, maintains Defendants "still did not pay the advances or the outstanding legal fees." *Id*. ¶ 28.

"On March 7, 2023, Woods sent Defendants a contract termination notice[,]" *Id*. ¶ 30, stating "our contract and all [extensions] are now void[.]" ECF No. 40 (emphasis omitted). According to Woods, "[a]s of March 1, 2023,. . . . Defendants owe[d] Woods approximately $56,198.13 in advances and legal fees." Amended Complaint ¶ 34-35.

The parties' citizenship is diverse.

As the Court noted above, Woods sued in state court and Defendants removed the case to this Court. As is relevant here, Woods filed a motion to remand, Defendants filed a response and supplemental response in opposition, and Woods filed a reply in support. The Court, having been fully briefed on the relevant issues, will now adjudicate the motion.

### III.    STANDARD OF REVIEW

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district . . . where such action is pending." 28 U.S.C. § 1441(a).

Federal courts have original jurisdiction over two types of cases: federal questions under 28 U.S.C. § 1331, and diversity actions in accordance with 28 U.S.C. § 1332. Neither party here alleges the existence of a federal question, so if this case is removable, it must be under the diversity statute. Complete diversity jurisdiction exists when the "matter in controversy exceeds

the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

"The burden of establishing federal jurisdiction is placed upon the party seeking removal." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). Moreover, when considering a motion to remand, the Court accepts as true all relevant allegations contained in the complaint and construes all factual ambiguities in favor of the plaintiff. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1163–64 (5th Cir. 1988). The Supreme Court requires that the "case be fit for federal adjudication at the time the removal petition is filed." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 73 (1996).

"Jurisdictional rules direct judicial traffic. They function to steer litigation to the proper forum with a minimum of preliminary fuss." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 425 (4th Cir. 1999). The Court is "obliged to construe removal jurisdiction strictly because of the 'significant federalism concerns' implicated." *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004) (en banc) (quoting *Mulcahey*, 29 F.3d at 151). "If federal jurisdiction is doubtful, a remand [to state court] is necessary.'" *Mulcahey*, 29 F.3d at 151.

**IV.     DISCUSSION AND ANALYSIS**

Woods contends this case must be remanded to state court because the sum of damages he seeks to recover is less than $75,000, divesting the Court of diversity jurisdiction. Woods specifically claims damages of $56, 198.13 for advances and legal fees in his amended complaint and stipulates through affidavit his intent to seek less than $75,000. Defendants, however, contend this case was properly removed and should remain in federal court because the amount in controversy, as is evident from the face of the complaint, exceeds the jurisdictional threshold.

The Court has already stated the parties are diverse.  Thus, the only determination for the Court to make is whether removal was proper based on the amount in controversy.

The Supreme Court has explained "though . . . the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, [may] reduce[] the claim below the requisite amount, this does not deprive the district court of jurisdiction."  *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938) (footnote omitted).  The Fourth Circuit, however, has left open the question of whether plaintiffs may use post-removal clarifications seeking to make clear ambiguous or unspecified damages.

Woods argues this case is directly analogous to another case in which the district court found the sum of damages set forth in the plaintiff's complaint to be unspecified and unclear in part.  *Thrasher v. Fleetwood Travel Trailers of Md., Inc.*, Civil Action No. 4:07-2908-TER, 2008 WL 11462872 (D.S.C. May 21, 2008).  Thus, the court held post-removal clarification of unspecified damages was permitted in pursuit of determining diversity jurisdiction.  *Id.* at *1.

Similarly, Woods claims to be merely clarifying his intent to seek less than $75,000 in the affidavit signed by counsel.  Defendants, however, characterize Woods's supposed clarification as an improper attempt to reduce, rather than clarify, the amount in controversy.

"If the plaintiff could, no matter how bona fide his original claim in the state court, reduce the amount of his demand to defeat federal jurisdiction, the defendant's supposed statutory right of removal would be subject to the plaintiff's caprice."  *St. Paul Mercury*, 303 U.S. at 294.  The Supreme Court thus forbade this because "[o]n the face of the pleadings[,] [the defendant] was entitled to invoke the jurisdiction of the federal court[,] and a reduction of the amount claimed after removal[] did not take away that privilege."  *Id*. at 296.

Here, as the Court stated earlier, Woods's complaint specifically claims an amount of $56,198.13 in advances and legal fees. But, as the Court also noted, the complaint additionally shows Woods brings state claims for breach of contract and breach of implied covenant of good faith and fair dealing, and equitable relief in the form of an accounting, promissory estoppel, and unjust enrichment.

The Court looks to a plaintiff's complaint to determine the amount in controversy, provided the complaint is made in good faith. *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 638 (4th Cir. 2010). It appears Woods's complaint was made in good faith.

And, when a "party puts an end to the contract" because of the alleged breach of the other party, the contract has ended by "cancellation." U.C.C. § 2–106(4) (1989); Restatement § 283 cmt. a. That is what happened here. Woods ended the Contract because of the alleged breach of it by Defendants. Thus, although Woods employs the words "termination" and "void" for what happened here, it is more properly termed a cancellation.

With cancellation, the cancelling party retains not only "any right based on prior breach or performance" but also "any remedy for breach of the whole contract or any unperformed balance." U.C.C. § 2–106(3)–(4).

Therefore, with that precedent in mind, from the Court's review of the complaint, it is evident Woods's breach of contract claim alone increases the amount in controversy to well over the $75,000 threshold.

This is so because Woods specifically claims $56, 198.13 in past damages, but also alleges an ongoing contractual obligation from Defendants to pay $10,000 per year as an advance. *See* Amended Complaint ¶ 46 ("Woods is entitled to damages under the contract, including the balance of the advances and the legal expenses incurred.").

The Contract Woods seeks to enforce, as per his breach of contract claim, with the two-year extension, covers a little over three years after the cancellation, from March 7, 2023, until May 2026.

Therefore, Defendants' obligation to Woods to pay the $10,000 advances is also extended an additional three years after the cancellation of the Contract.

Three times $10,000, plus $56, 198.13 is equal to $86,198.13, which exceeds the $75,000 Section 1332 requirement for diversity jurisdiction.

Accordingly, "look[ing] to [Woods's] complaint to determine the amount in controversy," *Frashier*, 624 F.3d at 638, inasmuch as the jurisdictional requirement was satisfied at the time of Defendants' removal, the Court will deny Woods's motion to remand.

In light of the foregoing analysis, it is unnecessary for the Court to address the parties' remaining arguments. *See Karsten v. Kaiser Found. Health Plan of Mid–Atl. States, Inc.*, 36 F.3d 8, 11 (4th Cir. 1994) ("If the first reason given is independently sufficient, then all those that follow are surplusage; thus, the strength of the first makes all the rest *dicta*.").

## V.     CONCLUSION

For the reasons the Court stated above, Woods's motion to remand the complaint is **DENIED**.

**IT IS SO ORDERED**.

Signed this 25th day of July 2024, in Columbia, South Carolina.

                                                                     s/ Mary Geiger Lewis
                                                                     MARY GEIGER LEWIS
                                                                     UNITED STATES DISTRICT JUDGE